## ALLEN et ux. v. GRANT et ux. (No. 12005.)

Court of Civil Appeals of Texas. Fort Worth. March 24, 1928.

Rehearing Denied April 7, 1928.

**1. Injunction ⊛62(3)—Restrictions not contained in deeds of parties from common grantor held not available to one against other.**

Where deeds from common grantor to parties did not contain restrictions against placing more than one dwelling house on one building lot, defendants, sought to be enjoined from violating restriction, had right to devote property to any lawful purpose not amounting to nuisance, in absence of some lawful restriction or constitutional or statutory provision.

**2. Nuisance ⊛3(1)—Construction of second house by purchaser on lot not expressly restricted to single house held not nuisance or grounds for equitable relief.**

Where common grantor of both parties violated restriction on land without protest from original owner, and no express agreement was made with parties prohibiting construction of more than one dwelling on one lot, complaint by plaintiff seeking to enjoin defendant from violating restriction, alleging defendant's house would endanger plaintiff's means of egress from garage, and that occupants of defendant's house might be able to view plaintiff's back yard, used as place of rest and recreation, held not to allege facts constituting nuisance in constructing new house, and to form basis of equitable relief.

**3. Injunction ⊛62(3)—Construction of house partly on one lot and partly on another held not violation of covenant restricting lots to one house each.**

Restriction of no more than one dwelling house on any one lot in block platted so that lots were 50 feet wide held not materially violated by construction of house 30 or 40 feet east of purchaser's dwelling house located partly on lot

one and partly on lot two of original plat, where vendor had replatted lots so as to make them 42½ feet wioe.

### On Motion for Rehearing.

**4. Injunction ☞62(3)—That deed to common grantor containing restriction was recorded did not entitle one if his grantees to enforce restriction against other, where their deeds did not contain restriction.**

In action to enjoin violation of building restriction by defendant acquiring land from common grantor with plaintiff, fact that original deed to common grantor containing restriction was recorded was immaterial, and did not afford grounds for injunction where deeds from common grantor to parties did not contain restriction sought to be enforced.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit for injunction by R. O. Grant and wife against John A. Allen and wife. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

DeMontel & Sanford, of Wichita Falls, for appellants.

McDonald & Anderson, of Wichita Falls, for appellees.

CONNER, C. J. This appeal is from an order of a district court of Wichita county granting the petition of R. O. Grant and wife for a temporary writ of injunction against John A. Allen and wife. The petition for the writ was filed by Grant and wife on the 24th day of January, 1928. Upon the incoming of the answer of the defendants, a hearing was had on the 28th day of January, 1928, and the order appealed from was made, and an appeal therefrom has been duly prosecuted by defendants Allen and wife.

Briefly, but substantially stated, the following are the undisputed facts: In September, 1913, R. E. Huff, Elizabeth Huff, C. F. Collins, and S. Y. Collins, the then owners of a certain parcel of land situated in or adjoining the city of Wichita Falls, subdivided and platted the same into blocks and lots and designated it as the Southland addition to said city. In so doing, said parties made a declaration of trust and agreement with each other and for the benefit of all persons who might thereafter acquire property in said addition. Said trust agreement, which was seasonably and duly recorded, contained a number of restrictions, among which is the one relied upon by the plaintiffs in this suit, to wit, that not more than one dwelling house should be erected on any one lot. As alleged and shown by the testimony, it appears that later, to wit, in August, 1921, J. C. Mytinger and M. D. Walker became the owners of a fractional block situated in the northeast corner of the subdivision. This block was bounded on the east by a

subdivision owned by other parties; on the north by Huff avenue, upon which, by the terms of the restriction, the dwelling houses provided for were to front; on the west the block fronted on Marshall street. The block, as originally platted by Huff and others, was divided, beginning on the east, into three lots, Nos. 1, 2, and 3, each of which was 50 feet wide and 170 feet long, each fronting on Huff avenue. Mytinger and Walker, after their purchase, wholly disregarded the restrictions contained in the declaration of trust referred to and subdivided the block into four lots, each lot being 42½ feet wide, facing Marshall street and extending east with lines parallel with Huff street 150 feet. After such subdivision, Mytinger and Walker constructed dwelling houses in violation of the restrictions in the declaration of trust on each of the lots facing Marshall street.

Both plaintiffs and defendants in this case deraign title from Mytinger and Walker, the defendants owning and holding the lot facing Marshall street in the northwest corner of the block, and the plaintiffs owning the adjoining 42½-foot lot immediately south. Between the two lots is a common driveway used by the parties for a number of years to reach their garages, situated east of the homes. The houses, as constructed by Mytinger and Walker, extended several feet over on lot 2 of the original platting. The transfer from Huff and others to Mytinger and Walker does not appear in the record, nor do the transfers from Mytinger and Walker to the parties to this suit and other owners of the reconstructed block, nor does the evidence show that the restrictions originally provided for by Huff and others were contained in any of these intermediate deeds, nor does the evidence show any specific agreement on the part of the owners and occupants of the reconstructed lots, to the effect that the restrictions originally provided for should apply, so far as applicable, to the replatted lots. The facts further show that a day or two before appellees filed their petition for the writ, the defendant Allen purchased and began to move upon the lot owned by him an old house and located it some 30 or 40 feet east of his dwelling house. As located, the house was made to face Huff avenue and was placed principally upon lot 1 of the original platting, some 6 or 8 feet, however, on the west side, extending over on lot 2 of the original platting. The house was the ordinary five or six room cottage home and nothing in its appearance or structure seems to have been in violation of any restrictions originally placed upon the block. The day after such location, and while defendants were preparing to properly adjust the house for occupancy, this suit was instituted.

It is very clear that plaintiffs below and appellees here rely alone in support of their

action upon the restrictions originally placed upon the blocks and lots of the Southland addition.

The substance of appellees' contention in support of the trial court's order, as stated in their brief, is that the appellees and appellants and the other two families living on the replatted lots 1, 2, and 3 had all agreed to and acquiesced in the violation of the building restrictions in so far as the lots had been resubdivided and faced on Marshall street, and that all were estopped to raise any question by reason of this violation, but that they were not estopped nor had they agreed to the violation complained of on the part of appellants, because this was an independent violation, and since the other violation had become unenforceable by reason of the dividing of the lots in the manner in which they were divided by Mytinger and Walker, nevertheless they were not estopped to set up, nor had they waived the enforcement of, the building restriction which forbade the placing of more than one dwelling house on any one building lot.

[1] We have been unable to concur in the view so stated. In the absence of some lawful restriction or some constitutional or statutory prohibition, appellants had the right to devote their property to any lawful purpose not amounting to a nuisance. In discussing the validity of an ordinance of the city of Dallas forbidding the construction of any business house within what was described as a resident district of the city, Chief Justice Phillips, in the case of Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387, among other things, had this to say:

"Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment and disposal. Anything which destroys any of these elements of property, to that extent destroys the property itself. The substantial value of property lies in its use. If the right of use be denied, the value of the property is annihilated and ownership is rendered a barren right. Therefore a law which forbids the use of a certain kind of property, strips it of an essential attribute and in actual result proscribes its ownership."

We also find the following in the decision of the case of Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S. W. 1014, opinion written by Justice German of our Commission of Appeals and approved by our Supreme Court:

"Covenants or restrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubts should be resolved in favor of the free and unrestricted use of the premises.

"A reservation contained in an instrument of conveyance or lease which favors the grantor or lessor and tends to limit the free use of the premises by the grantee or lessee will not be enlarged by construction, but will be given effect according to the plain meaning and intent of the language used."

In notes to the cases of Stevenson v. Spivey, 21 A. L. R. 1277, and Ward v. Prospect Manor Corporation, 46 A. L. R. 364, will be found many cases dealing with the various phases of restrictive provisions in deeds and in like instruments, but we think the cases of our own, from which we have quoted, sufficiently indicate the principles by which we are to be guided in the determination here. It is undisputed that Mytinger and Walker plainly violated the only written restrictions that existed, and it has been held that such restrictions must be in writing, in the absence of some specific covenant between the individuals concerned in order to comply with the statute of frauds. See Miller v. Babb (Tex. Com. App.) 263 S. W. 253; Pierson v. Canfield (Tex. Civ. App.) 272 S. W. 231.

[2] The record is silent as to the motive of Mytinger and Walker or the circumstances attending the violation of the written restrictions. The record also fails to disclose that the original owners, Huff and others, or the parties to this suit, at any time protested against the violation of the written restrictions, and both plaintiffs and defendants have occupied the premises for some five or six, or more, years, without objection on the part of any one holding and claiming under Mytinger and Walker. Nor is it pretended that any express covenant or agreement of any character has ever been made by the appellants and appellees in this case that in tenor or effect would restrict appellants from the construction of the house as complained of. It is true appellee in his testimony complains that from the rear of the newly located house occupants can look over into his back yard, used by him in the summertime as a place of rest and recreation and oftentimes to eat. And he further complains of a possibility that, in passing down the common driveway with his auto from Marshall street to his garage, he may, if not "careful," collide with the new house, but we think the latter complaint at least is quite improbable, as the rear of the opposite building is some 3 feet or more from the line dividing the two lots, and appellees' garage is some several feet from the same line farther west on his own lot, and the probability that the occupants of the new house may be able to view the back yard of appellees' house falls far short of constituting a nuisance. We regard these complaints as too trivial in character to form a basis of equitable relief. Appellees also made some complaint that the new house, as we shall term it, is not set back from Huff avenue a certain distance as required by the original restrictions. In answer to which it must be said that the house in this respect more nearly complies with the restrictions suggested than the older

house purchased by appellants from Mytinger and Walker, of which no complaint on the part of any person appears to have been made.

[3] On the whole, it seems quite plain to us that appellees have no ground for complaint. The only basis therefor claimed is to be found in the original written restrictions, and these, as a matter of fact, will not be materially violated by the location and maintenance of the house of which appellees complain.

We conclude that the order of the court below must be set aside, and the cause reversed and remanded for further proceedings, if any, not inconsistent with this opinion.

### On Motion for Rehearing.

It has been made to appear that we were inaccurate in stating in our original opinion that:

"The transfer from Huff and others to Mytinger and Walker does not appear in the record, nor do the transfers from Mytinger and Walker to the parties to this suit and other owners of the reconstructed block, nor does the evidence show that the restrictions originally provided for by Huff and others were contained in any of these intermediate deeds."

[4] By reference to the statement of facts, however, we find that the deed from Huff and others to Mytinger and Walker does appear therein, and that therein Mytinger and Walker were restricted as plaintiff alleged. The inaccuracy was probably brought about by the facts that the brief of appellant in its statement of the evidence failed to refer to the deed from Huff and others to Mytinger and Walker. But, however the inaccuracy was brought about, we regard it as wholly immaterial to the conclusion reached, inasmuch as it is undisputed that the deeds from Mytinger and Walker to the parties to this suit and other owners of the reconstructed lots did not contain the restrictions which appellants sought to enforce.

In all other respects the motion for rehearing is overruled.